George Andrews, J.,
delivered the opinion of the Court.
*61 On the the 24th of June, 1864, A. A. Hyde was, By Andrew Johnson, Military Governor of the State of Tennessee, appointed Attorney-general for the Fourth Judicial Circuit of this State, and duly commissioned and qualified as such.
On the 30th day of May, 1868, an election was held in said Judicial Circuit, under authority of a proclamation issued by William G. Brownlow, Governor of the State, for the purpose of filling a vacancy, or supposed vacancy, in the said office. At this election the appellant, Hyde, refused to become a candidate, claiming that his term of office had not expired, and that no vacancy existed, which authorized the Governor to order an election. The only candidate voted for at this election was A. J. Trewhitt; and he was declared duly elected, received his commission from the Governor, and qualified, by taking the required oaths of office.
On the 16th day of June, 1868, A. J. Trewhitt appeared in the Law Court of Chattanooga, a court belonging to said circuit, produced before the Court his commission, with proof that he had taken the requisite oaths of office, and moved the Court that he be admitted to the office of Attorney-general for the said circuit.
The incumbent, Hyde, objected to the induction into office of said Trewhitt, and by leave of the Court, filed his objections in writing — in which he insisted that the election, and the' commission issued in pursuance thereof, were void, for the reason that no vacancy existed in the office, and for other reasons. Trewhitt filed a writing, in the nature of a reply to the objections filed *62 by Hyde, in which he claimed that the said objections were insufficient in law, and untrue in fact; and that the said objections could not be inquired into in that proceeding.
A trial of the matter was had before the Court, upon which the contestants produced in evidence their respective commissions and official oaths, with other testimony in regard to the election.
The Court decided, and entered of record, that A. J. Trewhitt was the proper and constitutional Attorney-general elect, and duly commissioned, and had the right to be inducted into office, and ordered that Hyde pay the costs of the proceeding; from all which action •of the Court Hyde prayed an appeal, in the nature of a writ of error, to this court.
Can .the right of either Hyde or Trewhitt to hold the office of District Attorney-general be adjudicated in this proceeding?
The writ of quo warranto is unknown in the practice of this State. The Code, in sections 900 et seq., provides that should a candidate for the office of District Attorney desire to contest his election, he shall, within twenty days after the election, present a sworn statement of the grounds of contest to the Chancellor; that notice shall be given to the person whose election is contested, and the Chancellor shall hear the testimony and determine the contest; and an appeal from his decision lies to this court.
By sections 3409 et seq., of the Code, an action lies in the name- of the State, whenever any person unlawfully holds or exercises any public office or franchise *63 within this State. The suit is brought by bill in equity, filed either in the Circuit or Chancery Court of the county or District, and may be brought by the District Attorney, when directed to do so by the General Assembly or by the Governor and Attorney-general of the State; or it may be brought on the information of any person, upon his giving security for costs. But, under this form of proceeding, the validity of any election which may be contested under the provisions of the Code, cannot be tried — § 3423.
Which of these two modes of proceeding would have been the proper one by which to determine the right to the office now in contest, it is unnecessary now to discuss, as it is certain that the contest now before us cannot be considered as having been commenced or carried on in either mode provided by the Code.
The proceeding in this case, was summary — consisting simply in a motion on the part of Trewhitt to be admitted to the office; the objections made by Hyde to his admission; and the decision of the Circuit Judge, after hearing the allegations and evidence of the parties, that Trewhitt was entitled to the office.
It is to be observed that no formal induction into office by the Court is necessary in the case of a District Attorney. He gives no bond; but on being legally elected or appointed and commissioned, and having taken the oaths required by law, is then fully qualified in his office without any action of the courts in which he is to perform his duties.
The Court may, and of course would, before permitting a person to assume the management of the busi *64 ness of the State in its presence, satisfy itself that the person thus proposing to act was legally entitled to do so.
But such summary inquiry and decision on the part of the Court in the case of a District Attorney, are made for its own guidance solely, and not in any manner for the benefit of the opposing claimant, or as an adjudication between them. The Court will take judicial notice of the qualification of the District Attorney; but at the same time, may inform itself by the best means within its reach; and if, in so doing, it think fit to hear one or both claimants, it does not render the proceeding an action between the claimants in which their rights can be adjudicated.
This is all that, in legal effect, the proceeding in the present case, amounts to: Mr. Trewhitt presented his commission to the Court, and asked to be admitted to the office of District Attorney, which motion was sufficient as a mode of bringing his title to the office to the notice of the Court, though no formal admission or induction to the office by order of the Court was necessary. The Court thereupon allowed Mr. Hyde to present his claims to the office, which the Court had the right to do also. '
But, insofar as the Court allowed these two claimants to contest their respective rights, not as furnishing information to the conscience of the Court, but as a litigation between themselves for the purposes of an adjudication inter partes, the whole proceeding is eoram non judice.
The Circuit Court had no jurisdiction to try or adjudicate upon the rights of these claimants to the office *65 in question as between themselves, in this proceeding. It is not a proceeding to contest an election under section 900 of the Code, for that proceeding must be had before a Chancellor, and a Circuit Court has no jurisdiction. It is not an action under section 3409, for it bears not the slightest resemblance to the mode of proceeding there prescribed, and in fact is not an action at all.
The case has been brought before us as if it were a suit between these two claimants of the office, while in fact it is, so far as it is proper at all, merely an inquiry instituted by the Court with a view to regulate its own action. Considered in that aspect, it is a proceeding in which there are no parties, no issue, and no judgment or decree, from which an appeal will lie.
Several cases are contained in the reports of this State, in which contests between the claimants of office have been commenced as in this case, simply by motion to induct j but in neither case does it appear that any objection was made in either court to that mode of determining the controversy; and in neither of them did the question arise in regard to the office of District Attorney, who needs no induction or qualification at the hands of the Court, and the validity of whose title to the office as against an adverse claimant, the Circuit Court has no right to adjudicate, except in the mode pointed out by the statute.
As the jurisdiction of this Court to make a final decree between these claimants as to their rights to the office, cannot be sustained upon the theory of an adverse litigation between them, of which the court below had *66 jurisdiction, neither can it be sustained, considered as an appeal from the ex parte refusal of the Circuit Court to allow Mr. Hyde to perform the duties of the office. No such case is embraced within the statute allowing appeals in the nature of a writ of error: Code, section 3174.
The appeal in the case of Champion vs. The State, 3 Cold., Ill, was sustained upon the ground that the order made in that case, was, in effect, an order striking the Attorney from the rolls — a case in which an appeal is- expressly given by the statute. Here is no proceeding against Mr. Hyde. The Court decides that it will not recognize him as an officer of the State, or allow him to appear on behalf of the State in its presence; but there is no judgment or decree which binds him or concludes his title to the office; and the Court, as has been already stated, has. no jurisdiction in this proceeding to render such a judgment or decree.
In making such an ex parte order, the nisi prius court acts in the necessary exercise of its power to regulate its own proceedings; and without any adjudication upon the validity of either claim to the office, decides to ignore one claimant as an officer of the State. The power to do this must necessarily exist in the Court; and whether the Court has decided correctly or not, we cannot assume to decide without passing upon the validity of the title to the office; which, in this proceeding, we have no power to do.
We cannot,- upon this appeal, revise the action of the Court below in permitting Mr. Trewhitt to act as Attorney-general in its presence, and we do not attempt *67 to decide whether that Court arrived at a correct conclusion upon that point.
But that Court having, in a proceeding which, upon the record bears the form of an adversay proceeding,- and in which the parties were actually adverse actors, made an order which, by its terms and form, purports to adjudicate a question between parties, and to conclude their rights, we will reverse and set aside that order in that respect as void, and made without jurisdiction. But we make no decree as to which of the parties is entitled to the office in question, nor any order as to which of them shall be permitted to act therein before the Court below.
The order made by the Circuit Judge will be declared void and of no effect so far as it assumes to adjudicate the right to the office in question; and the parties will be left to contest their respective claims in some other form of proceeding, if they shall choose to do so.